

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

ROBERT RIVERNIDER,

   Petitioner,

*Case 6:26-cv-00529-JSS-LHP*

v.

CORNITA A. RILEY, Chief, Orange County Corrections Department, and

DIRECTOR, FEDERAL BUREAU OF PRISONS,

   Respondents.

## PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### I. JURISDICTION AND VENUE

1. This action is brought pursuant to 28 U.S.C. § 2241 to challenge the manner in which Petitioner's federal sentence is being executed.

2. Petitioner is confined at the Orange County Corrections Department, Orlando, Florida, within the Middle District of Florida.

3. Because Petitioner is physically confined within this district, jurisdiction and venue are proper in this Court.

### II. PARTIES

4. Petitioner, Robert Rivernider, is a federal prisoner serving a sentence imposed by a United States District Court and is known to the Bureau of Prisons under register number 96006-004.

1

5. Respondent Cornita A. Riley is the Chief of the Orange County Corrections Department and is Petitioner's immediate custodian for purposes of § 2241.

6. Respondent Director, Federal Bureau of Prisons, is included in an official capacity because execution of Petitioner's sentence requires action by the Bureau of Prisons.

## III. CUSTODY AND SENTENCE BACKGROUND

7. On December 12, 2025, Petitioner was sentenced in federal court to a term of 36 months imprisonment.

8. Following sentencing, Petitioner remained in local county custody awaiting designation by the Federal Bureau of Prisons ("BOP").

9. As of the filing of this Petition:
   a. Petitioner has not been designated to any BOP institution following sentencing;
   b. Petitioner remains confined at Orange County Corrections Department; and
   c. Petitioner's federal sentence is not being executed through normal BOP designation and classification procedures.

10. Under 18 U.S.C. § 3621(a), a person sentenced to imprisonment is committed to the custody of the Bureau of Prisons. Despite entry of judgment, Petitioner remains in local county custody without designation, creating a prolonged gap between sentencing and lawful execution of the judgment.

11. Petitioner is unable to determine whether custody remains under the United States Marshals Service or has been fully transferred to the Bureau of Prisons, further demonstrating the absence of clear sentence execution.

## IV. FACTUAL BASIS FOR RELIEF

12. The BOP is responsible for designation and execution of federal sentences following judgment.

13. Despite the passage of significant time since sentencing, the BOP has failed to designate Petitioner or otherwise assume responsibility for execution of the sentence.

14. Continued confinement in county custody has materially affected the execution of Petitioner's sentence, including:

2

a. inability to receive normal BOP classification or placement review;
b. inability to be evaluated for prerelease custody or home confinement eligibility; and
c. inability to access BOP administrative remedy procedures in the ordinary manner.

15. Petitioner has limited electronic messaging but lacks normal access to BOP administrative remedy procedures and cannot effectively initiate BOP review without designation.

16. Petitioner estimates that approximately ten months remain on the sentence after accounting for time served and anticipated credit calculations.

17. This Petition challenges only the execution of Petitioner's sentence and does not challenge the validity of the conviction or sentence, which are pursued, if at all, through separate proceedings.

## V. EXHAUSTION OF ADMINISTRATIVE REMEDIES

18. Although federal prisoners generally must exhaust BOP administrative remedies before seeking § 2241 relief, exhaustion should be excused here.

19. Administrative remedies are unavailable or futile because:
    a. Petitioner has not been designated to a BOP facility;
    b. Petitioner cannot access ordinary BOP remedy channels while in county custody; and
    c. the delay in designation is itself the subject of this Petition.

20. Requiring exhaustion under these circumstances would cause further delay and risk mooting effective relief.

## VI. GROUNDS FOR RELIEF

Ground One — Unlawful Execution of Sentence (28 U.S.C. § 2241)

21. The BOP's failure to timely designate Petitioner constitutes an unlawful delay in execution of a federal sentence.

22. A § 2241 petition is the proper vehicle to challenge sentence execution, including custody placement and related administration.

Ground Two — Constructive Failure to Assume Lawful Custody

23. The judgment commits Petitioner to the custody of the Bureau of Prisons pursuant to 18 U.S.C. § 3621(a).

24. The prolonged absence of designation creates a constructive failure to assume custody required by law, leaving Petitioner confined under conditions not contemplated by the sentencing judgment.

Ground Three — Due Process

25. Prolonged confinement in county custody after federal sentencing, without designation or explanation, constitutes arbitrary execution of sentence and violates due process.

Ground Four — Failure to Exercise Statutory Discretion

26. By failing to designate Petitioner, the BOP has failed to exercise required statutory discretion concerning placement, classification, and prerelease evaluation.

## VII. URGENCY AND IRREPARABLE HARM

27. Petitioner is serving a relatively short federal sentence of thirty-six months, with approximately ten months remaining.

28. Federal law and BOP policy contemplate progressive review for prerelease placement and reentry planning as a prisoner approaches the end of a sentence.

29. Because Petitioner has not been designated to BOP custody, he cannot be evaluated for such placement or receive ordinary sentence-progression review.

30. Continued delay risks rendering any future relief meaningless, as the remaining sentence may expire before lawful designation and review occur.

31. The harm caused by delayed execution of sentence is immediate and irreparable.

## VIII. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

A. Order Respondents to show cause why Petitioner's federal sentence has not been executed through BOP designation as required by 18 U.S.C. § 3621(a);

B. Direct the appropriate federal authorities to clarify custodial authority and promptly execute the judgment of sentence;

C. Require immediate review of Petitioner's placement status and prerelease eligibility consistent with federal law;

D. Grant such other and further relief as the Court deems just and proper.


## IX. VERIFICATION

I declare under penalty of perjury that the foregoing is true and correct.


Date: February 24, 2026

Robert Henry Rivernider, Jr

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission


Orange County Jail

Jail ID 25041136
M-4 East
PO Box 4970
Orlando, FL 32802-4970

5

## CERTIFICATE OF SERVICE

I certify that on this 26th day of February 2026, I mailed a true and correct copy of the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 to the following:

Office of the United States Attorney
Middle District of Florida - Orlando
400 W Washington Street, Ste 3100

Orlando, FL 32801

Chief Cornita A. Riley
Orange County Corrections Department
3723 Vision Blvd

Orlando, FL 32839

Office of General Counsel
Federal Bureau of Prisons
320 First Street NW
Washington, DC 20534

Federal Bureau of Prisons
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

I declare under penalty of perjury that the foregoing is true and correct.

Date: February 26, 2026

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr
Pro Se Petitioner

With Permission


Robert Rivernider
Petitioner, Pro Se
BOP Reg. No. 96006-004