

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

ORLANDO DIVISION


**ROBERT RIVERNIDER,**

Petitioner,

v.


Case No. 6:2026cv00529


CORNITA A. RILEY, Chief

Orange County Corrections Department, and

DIRECTOR, FEDERAL BUREAU OF PRISONS,

Respondents.


**AMENDED MOTION TO SUPPLEMENT §2241 PETITION AND CORRECT**

**SENTENCE COMPUTATION**


Petitioner Robert Rivernider, proceeding pro se, respectfully moves this Court to

supplement his pending Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 to

address an incorrect sentence computation currently reflected by the Bureau of Prisons

1

("BOP"). This motion concerns the execution of Petitioner's sentence, including the calculation of prior custody credit, good conduct time, and projected release date.

## I. Background

1. Petitioner was sentenced on December 12, 2025 to a term of 36 months imprisonment.

2. Prior to that sentencing, Petitioner had already served approximately eighty (80) months of federal custody before receiving compassionate release on May 14, 2020.

3. Petitioner was rearrested on June 24, 2025 in connection with supervised release proceedings.

4. Petitioner has now served approximately nine months of additional custody following that arrest.

5. Petitioner has therefore completed approximately eighty-nine (89) months of federal custody toward the overall sentencing structure.

## II. Incorrect BOP Projected Release Date

6. Petitioner has learned that the Bureau of Prisons currently lists his projected release date as January 14, 2028.

7. That projected release date appears inconsistent with the lawful calculation of Petitioner's sentence.

8. The correct sentence structure is as follows: Original custody served prior to compassionate release: 80 months; Revocation sentence imposed: 36 months; Total sentence structure: 116 months.

2

9. Under 18 U.S.C. §3624(b), federal prisoners receive good conduct time credit which effectively results in service of approximately eighty-five percent of the imposed sentence.

10. Applying this formula results in an effective custodial period of approximately ninety-eight (98) months.

11. Petitioner has already served approximately eighty-nine (89) months of custody.

12. Under this calculation, Petitioner has approximately nine months remaining.

**III. Prior Custody Credit**

13. Federal law requires the Bureau of Prisons to properly credit prior custody time that has not been credited toward another sentence. See 18 U.S.C. §3585(b).

14. A petition under 28 U.S.C. §2241 is the proper procedural vehicle to challenge the execution of a federal sentence, including credit calculations performed by the Bureau of Prisons.

15. Upon information and belief, the Bureau of Prisons appears to have begun calculation of Petitioner's revocation sentence from approximately June 24, 2025, applying good-conduct time based solely on eighty-five percent of the 36-month revocation term.

16. However, that method fails to account for the approximately eighty months of federal custody previously served on the original sentence prior to compassionate release.

17. Because revocation imprisonment is attributable to the original conviction, the Bureau of Prisons must compute the sentence within the framework of the overall sentence structure.

18. Failure to apply that credit results in an artificially extended projected release date.

## IV. Revocation Sentence Framework

19. Revocation imprisonment imposed under 18 U.S.C. §3583(e) is attributable to the original conviction rather than punishment for a new offense.

20. Accordingly, the revocation sentence must be understood within the framework of the original sentencing structure.

21. If the Bureau of Prisons has calculated Petitioner's release date by treating the revocation sentence as a new sentence block, that approach improperly extends the period of confinement.

## V. Need for Judicial Review

22. The present §2241 petition challenges the execution of Petitioner's sentence.

23. Upon information and belief, the Bureau of Prisons maintains detailed sentence computation records within its SENTRY system.

24. Those records include prior custody credit calculations, sentence monitoring data, and projected release date determinations.

25. Petitioner respectfully requests that Respondents be directed to produce the official BOP sentence computation worksheet, including the BP-A0624 sentence monitoring data.

26. Without production of those records, Petitioner cannot meaningfully challenge the accuracy of the projected release date.

## VI. Temporary Custody Transfer

4

27. Petitioner was recently transferred to the Federal Detention Center in Miami, Florida, which appears to be a temporary facility pending final designation by the Bureau of Prisons.

28. Because this §2241 petition was properly filed while Petitioner was confined within the Middle District of Florida, transferring the case at this stage could cause unnecessary delay.

29. Petitioner respectfully requests that the Court retain jurisdiction in the interest of judicial economy and timely resolution of the sentence-execution issues raised.

## VII. Request for Expedited Consideration

30. The challenged sentence computation substantially affects the remaining period of confinement.

31. Because the remaining term of custody is relatively short, delay risks causing Petitioner to serve time beyond the lawful term of imprisonment.

32. Petitioner therefore respectfully requests expedited consideration of this motion.

## VIII. Impact on Prerelease Placement Eligibility

33. As Petitioner approaches the end of his sentence, the Bureau of Prisons must evaluate him for prerelease placement including residential reentry center placement or home confinement.

34. Because Petitioner has approximately nine months remaining on the sentence, he is entering the period during which prerelease placement review typically occurs.

5

35. The presently incorrect projected release date prevents meaningful consideration of Petitioner for prerelease placement.

36. Prompt correction of the sentence computation is necessary to ensure that Petitioner receives the placement review required by federal law.

## IX. Requested Relief

A. Accept this filing as a supplement to the pending §2241 Petition.

B. Order Respondents to show cause regarding the Bureau of Prisons' sentence computation.

C. Direct Respondents to produce the official BOP sentence computation records.

D. Direct the Bureau of Prisons to correct the sentence computation if it is inconsistent with federal law.

E. Grant expedited consideration of this motion.

F. Grant such other relief as the Court deems just and proper.

Respectfully submitted,
Date: March 12, 2026

Robert Henry Rivernider, Jr

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission

Reg. No. 96006-004

FDC Miami

6

Federal Detention Center

PO Box 019120

Miami, FL 33101

**CERTIFICATE OF SERVICE**

I certify that on this 26th day of February 2026, I mailed a true and correct copy of the foregoing Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 to the following:

Office of the United States Attorney
Middle District of Florida - Orlando
400 W Washington Street, Ste 3100

Orlando, FL 32801

Chief Cornita A. Riley
Orange County Corrections Department
3723 Vision Blvd

Orlando, FL 32839

Office of General Counsel
Federal Bureau of Prisons
320 First Street NW
Washington, DC 20534

BOP DSCC
Designation & Sentence Computation Center
346 Marine Forces Drive
Grand Prairie, TX 75051Federal Bureau of Prisons
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051

7

I declare under penalty of perjury that the foregoing is true and correct.

Date: March 12, 2026

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner

With Permission


Robert Rivernider
Petitioner, Pro Se
BOP Reg. No. 96006-004

Robert Rivernider
Reg# 96006-004
FDC Miami
PO Box 019120
Miami FL 33101

Case 1:26-cv-22376-DMM   Document 4   Entered on FLSD Docket 03/19/2026   Page 9 of 10

ORLANDO FL  328

17 MAR 2026  PM 2  L

FOREVER

Clerk of the Court
U.S District Court
Middle District Orlando
401 W Central Blvd
Suite 2-300
Orlando   FL 32801-0230

32801-023075

