**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

     Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

     Respondents.

_____/

**<u>ORDER TO SHOW CAUSE-28 U.S.C. § 2241</u>**

**THIS CAUSE** is before the Court on the Order (DE 9) from the United States District

Court for the Middle District of Florida, transferring to this Court the second amended Petition for

Writ of Habeas Corpus (DE 6) ("Second Amended Petition") with supporting Memorandum (DE

6-1) brought pursuant to 28 U.S.C. § 2241 by Petitioner Robert Rivernider ("Petitioner"), while a

pretrial detainee confined at the Federal Detention Center ("FDC") in Miami, Florida.   In the

Memorandum, Petitioner asserts that the Bureau of Prisons ("BOP") has failed to award him credit

under the First Step Act.   (DE 6-1).

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in

violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351

F.3d 1049, 1059 (11th Cir. 2003).   Eleventh Circuit has made clear that "[t]he petition for writ of

habeas corpus is the sole remedy for petitioners challenging the fact or duration of their

imprisonment."   *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *Gomez v. United*

*States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504

(1973)).   Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the

writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted."   28 U.S.C. § 2243. It is thereupon

**ORDERED** as follows:

1.      Counsel for the Respondent shall **immediately** notify the Court of receipt of this Order of the name of the Assistant United States Attorney to whom the case is assigned.

2.      On or before **April 13, 2026**, Respondent shall file a memorandum of fact and law to show cause why the Second Amended Petition should not be granted and shall file all necessary documents for the resolution of the Second Amended Petition.   *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed.").   Respondent shall file the response and appendix simultaneously, but if unable to do so, then Respondent shall file a motion for extension of time, explaining in detail the need for the time extension.

3.      Counsel for Respondent **shall** caption the response as a "Response" and <u>not</u> a "Motion to Dismiss."   The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought.   <u>Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.</u>

4.      **Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez*

*v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[a]ll documents referenced in the State's [Respondent's] answer and filed with the Court . . . must be served on the habeas petitioner.").

5.      During the pendency of this federal habeas corpus proceeding, Respondent **SHALL NOT** remove or transfer Petitioner out of the jurisdiction of this Court without prior order from the Court permitting them to do so.

6.      Petitioner may, but is not required to, file a reply within **ten (10) days** of the date on which the Respondents' answer is docketed, which date is shown by the answer's certificate of service. The Court cautions Petitioner that he or she must take any potential mailing delays into consideration in determining when to submit the reply to prison officials for mailing. If the reply is not filed within **ten (10) days** of the date of docketing of the Respondent's answer, the Court will deem the matter submitted and will not consider any untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

7.      Petitioner's reply, if any, shall not exceed **ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

**SIGNED** in Chambers at West Palm Beach, Florida, this 8th day of April, 2026.

Donald M. Middlebrooks
United States District Judge

Page **3** of **4**

**Copies furnished to:**

**Robert Rivernider,** *Pro Se*
Reg. No. 96006-004
Federal Detention Center-Miami
Inmate Mail/Parcels
P.O. Box 019120
Miami, FL 33101

**United States Attorney**
Noticing 2241/Bivens US Attorney
Email: usafls-2255@usdoj.gov