UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER, Petitioner, Pro Se,

v.

WARDEN, Respondent.

FILED BY____Cos____D.C.

APR 2 3 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

_____/

EMERGENCY MOTION FOR IMMEDIATE RELEASE AND FOR ORDER TO SHOW

CAUSE WHY RESPONDENTS SHOULD NOT BE HELD IN CONTEMPT OF COURT

Petitioner, Robert Rivernider, proceeding pro se, respectfully moves this Honorable Court for

emergency relief, including immediate release, enforcement of this Court's prior Order to Show

Cause, and an Order requiring Respondents to show cause why they should not be held in

contempt for failure to comply with this Court's directives. In support thereof, Petitioner states as

follows:

I. INTRODUCTION

This Court issued an Order to Show Cause directing Respondents to file a response and

specifically prohibiting the removal or transfer of Petitioner from the jurisdiction of this Court

without prior authorization. Respondents failed to comply with the response deadline and

1

transferred Petitioner across multiple jurisdictions without notifying the Court or seeking permission. These actions directly undermined the Court's authority and interfered with Petitioner's ability to litigate his habeas corpus petition challenging the duration and legality of his confinement. Petitioner's ability to prepare filings is severely limited because he is permitted access to printing resources for only approximately three hours per day, four to five days per week, and is restricted to brief telephone calls of approximately ten minutes every several hours.

## II. RELEVANT FACTS

1. On April 8, 2026, this Court issued an Order to Show Cause requiring Respondents to file a memorandum of fact and law explaining why the Second Amended Petition for Writ of Habeas Corpus should not be granted.

2. The Order required Respondents to respond on or before April 13, 2026, and directed that Petitioner not be removed or transferred from the jurisdiction of this Court without prior order permitting such transfer.

3. As of April 17, 2026, no response, extension request, or notice identifying the assigned Assistant United States Attorney has been filed on the docket.

4. Petitioner was removed from the Federal Detention Center in Miami, Florida, on April 8, 2026, and was subsequently transported through multiple facilities. Petitioner was later removed from the Federal Detention Center in Atlanta, Georgia, on April 14, 2026, at approximately 1:00 a.m.

5. While traveling between facilities, Petitioner did not receive prescribed medication for his diagnosed serious heart condition.

2

6. Petitioner was transported overnight by bus from Miami to Tallahassee, Florida, and the following night transported again overnight to Atlanta, Georgia.

7. Several days later, Petitioner was flown to Oklahoma City, Oklahoma, temporarily housed in a county facility, and subsequently transported by aircraft during nighttime hours to West Virginia.

8. Petitioner arrived at FCI Beckley, Satellite Camp, located at P.O. Box 350, Beaver, West Virginia 25813, on or about April 15, 2026.

9. During transit, Petitioner had limited or no access to communication, legal materials, or the ability to notify the Court of his change in address.

10. Respondents did not seek permission from this Court prior to transferring Petitioner out of the jurisdiction, despite the explicit prohibition contained in the Court's Order.

11. Petitioner continues to challenge the calculation of his sentence, including the application of good conduct time and earned time credits under the First Step Act, and asserts that he is being held in custody longer than authorized by law.

## III. GROUNDS FOR RELIEF

### A. Failure to Comply with Court Order

Respondents failed to comply with the Court's Order to Show Cause by not filing a response by the deadline and by transferring Petitioner without authorization. Noncompliance with a direct court order constitutes grounds for contempt and warrants immediate corrective action by the Court.

### B. Interference with Access to Courts and Due Process

3

The manner and timing of Petitioner's transfer, combined with the lack of notice, lack of medication, and communication limitations during transport, materially interfered with Petitioner's ability to litigate his pending habeas petition and to comply with Court requirements. Such interference implicates Petitioner's constitutional rights to due process and meaningful access to the courts.

C. Jurisdictional Defects in Underlying Proceedings

Former appointed counsel Robert Frost has advised Petitioner that he was not informed of any institutional transfer proceedings or any alleged supervised release violations. Although no written declaration has yet been obtained, counsel's statements support Petitioner's position that material facts were withheld from the transferring court.

D. Ongoing Unlawful Detention Due to Sentence Miscalculation

Petitioner alleges that Respondents have failed to properly calculate good conduct time and earned time credits across the entirety of Petitioner's sentence. These errors directly affect the duration of custody and render Petitioner's continued detention unlawful.

IV. EMERGENCY CIRCUMSTANCES

Emergency relief is warranted because:

1. Respondents failed to comply with a court-ordered deadline;

2. Petitioner was transferred despite an explicit judicial prohibition;

3. Petitioner was denied prescribed medication for a serious heart condition during transport;

4. The challenged detention concerns the duration of custody;

5. Petitioner has limited remaining time on his sentence;

6. Continued delay risks mooting the Court's ability to provide meaningful relief.

## V. REQUESTED RELIEF

WHEREFORE, Petitioner respectfully requests that this Court:

1. Issue an Order directing Respondents to show cause why they should not be held in contempt for failure to comply with this Court's Order;

2. Order immediate release of Petitioner pending resolution of this habeas proceeding;

3. Declare that the prior transfer of Petitioner occurred in violation of this Court's Order;

4. Order Respondents to immediately calculate and apply good conduct time credit based on the entirety of Petitioner's sentence;

5. Order Respondents to apply earned time credits under the First Step Act, including all applicable credit periods;

6. Grant expedited consideration of the pending habeas petition;

7. Award any other relief the Court deems just and proper.

## VI. DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Respectfully submitted,

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner, With Permission

Robert Rivernider Petitioner, Pro Se Reg. No. 96006-004 FCI Beckley, Satellite Camp P.O. Box 350 Beaver, WV 25813

6

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was placed in the institutional mail

system, postage prepaid, addressed to the United States Attorney for the Southern District of

Florida on this date.

_____

*Robert Henry Rivernider, Jr*

_____

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner, With Permission

Date: April 17, 2026



**UNITED STATES POSTAL SERVICE®**  **Click-N-Ship®**

usps.com
$8.63
US POSTAGE

9405 5301 0935 5302 2512 13 0086 3000 0203 3401


U.S. POSTAGE PAID



04/17/2026
0 lb 2 oz

Mailed from 34785   6982692221101705

## PRIORITY MAIL®

Created 2026-04-17

ROBERT RIVERNIDER
14 S BOBWHITE RD
WILDWOOD FL 34785-9011

RDC 03

C028



SOUTHERN DISTRICT OF FLORIDA
CLERK OF THE COURT
701 CLEMATIS ST
WEST PALM BEACH FL 33401-5101

### USPS TRACKING #



9405 5301 0935 5302 2512 13

LEGAL MAIL
26-22376-CV-Middlebrook

