UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

      Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

      Respondent[1].
_____/

### RESPONDENT'S RESPONSE TO PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241

Warden, E.K. Carlton, through the undersigned Assistant U.S. Attorney, hereby files this response to the Court's Order to Show Cause filed on April 8, 2026 (DE 14). The undersigned apologizes for this late response, as the Court had ordered "Respondent [to] **immediately** notify the Court of receipt of this Order of the name of the Assistant United States Attorney to whom the case is assigned." *Id.* (emphasis in original). The undersigned was unaware of this Court's order until today when the petitioner filed a notice with the Court relating to the status of his petition.

Because the United States Attorney's Office for the Southern District of Florida receives these petitions and orders through their USA 2255 inbox, and because that inbox has recently been inundated with hundreds of civil habeas motions relating to the immigration

---

[1] The Bureau of Prisons ("BOP") requests the Court substitute Roger Morris, who is presently the acting Warden for FDC Miami and the proper Respondent to Petitioner's petition. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004).

cases, petitioner's motion and this Court's order regarding same went unnoticed until today. It was an inadvertent oversight, for which the undersigned sincerely apologizes.

The undersigned has sent the petition and this Court's Order to Show Cause to the Bureau of Prisons ("BOP") to obtain a response. However, despite the Court's directive that BOP not transfer petitioner during the pendency of his motion, the undersigned checked BOP's website today and discovered that petitioner is no longer in FDC Miami. He has been transferred to FCI Beckley in West Virginia. *See* [www.bop.gov/inmateloc](www.bop.gov/inmateloc).[2]   BOP was unaware of this Court's directive given that the United States Attorney's Office just sent over the petition today. Consequently, the Court no longer has jurisdiction over the petition as a § 2241 petition must be filed in the district where the defendant is incarcerated. *See United States v. Lassiter*, 812 F. App'x 896, 900 (11th Cir. 2020). Should petitioner wish to pursue his FSA computation claim, he must file a § 2241 petition in the District of Southern West Virginia, after he fully exhausts his administrative remedies, if he has not already done so.[3]

Accordingly, the petition must be dismissed for lack of jurisdiction.

Respectfully submitted,

JASON REDDING QUIÑONES
UNITED STATES ATTORNEY

By: *s/ Alicia E. Shick*
Assistant United States Attorney
Florida Bar No. 124842
U.S. Attorney's Office
500 East Broward Boulevard, Suite 700

---

[2] Petitioner's criminal case originated out of the District of Connecticut.

[3] Despite the Court's inability to determine the substance of petitioner's motion given that it lacks jurisdiction, the undersigned has asked BOP to notify FCI Beckley and determine first, whether petitioner has exhausted his administrative remedies, and second, decide as to whether petitioner's claim that he is owed FSA credits is valid as expeditiously as possible.

Fort Lauderdale, Florida 33394
Telephone: 954-660-5793
Email: Alicia.Shick@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on April 23, 2026, I electronically filed the foregoing

document with the Clerk of the Court using CM/ECF and mailed to:

Robert Rivernider
Reg No. 96006-004
FCI Beckley
Federal Correctional Institution
P.O. Box 350
Beaver, WV 25813

By:  *s/ Alicia E. Shick*
Alicia E. Shick
Assistant United States Attorney