UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

Robert Henry Rivernider, Jr.,

Petitioner, Pro Se

v.

Warden,

Respondent

FILED BY_____ PCS _____ D.C.

APR 28 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Case No. 1:26-cv-22376

PETITIONER'S COMBINED EMERGENCY MOTION FOR IMMEDIATE RELEASE,

REPLY TO RESPONDENT'S RESPONSE, AND OPPOSITION TO DISMISSAL

Petitioner, Robert Henry Rivernider, Jr., proceeding pro se, respectfully submits this Combined

Emergency Motion for Immediate Release, Reply to Respondent's Response, and Opposition to

Dismissal.

This filing is necessary because Respondent seeks dismissal of the petition based on transfer and

alleged failure to exhaust administrative remedies, while Petitioner remains in custody despite

having reached the lawful release point based on proper sentence computation. Continued

detention under these circumstances risks unlawful custody and irreparable harm.

---

I. INTRODUCTION

1

This case concerns the execution of Petitioner's sentence.

Petitioner seeks immediate relief because proper application of prior custody credit, Good Conduct Time, and First Step Act Earned Time Credits demonstrates that continued detention risks exceeding the lawful term of imprisonment.

Respondent argues that this Court lacks jurisdiction because Petitioner was transferred and has not exhausted administrative remedies.

Those arguments fail.

Jurisdiction attached when the petition was filed while Petitioner was confined within this district.

Repeated transfers cannot defeat judicial review of the legality of custody.

Administrative remedies would be futile because only the Bureau of Prisons Designation and Sentence Computation Center in Grand Prairie, Texas has authority to correct the computation at issue.

---

II. BACKGROUND AND SENTENCE HISTORY

Petitioner was originally sentenced in:

United States v. Rivernider

Case No. 3:10-cr-00222

United States District Court

District of Connecticut

Petitioner served approximately eighty (80) months in federal custody and was released on May 14, 2020.

Petitioner was later arrested on June 24, 2025, for alleged technical violations of supervised release.

On December 12, 2025, the court imposed a thirty-six (36) month revocation sentence.

That thirty-six (36) month term is an add-on sentence to the original sentence.

Under:

Johnson v. United States, 529 U.S. 694, 700–01 (2000),

imprisonment imposed upon revocation of supervised release is part of the penalty for the original offense.

Accordingly, the revocation sentence must be computed together with the prior custody.

---

III. SENTENCE COMPUTATION SHOWING RELEASE ELIGIBILITY

Petitioner's sentence computation is governed by:

18 U.S.C. §§ 3585 and 3624

3

and Bureau of Prisons Program Statements:

5880.28 — Sentence Computation Manual

5880.30 — Good Conduct Time

5410.01 — First Step Act Time Credits

Prior custody served before release in 2020:

80 months

Additional custody served since arrest on June 24, 2025:

10 months

Total time served:

90 months

Revocation sentence imposed:

36 months

Total sentence exposure:

116 months

Good Conduct Time calculation:

$116 \times 85\% =$ approximately 98.5 months

4

First Step Act Earned Time Credits:

FSA began December 21, 2018.

Petitioner remained in federal custody from December 21, 2018 through May 14, 2020.

That period equals approximately seventeen (17) months.

At fifteen (15) days per month, Petitioner earned approximately eight (8) months of Earned Time Credits.

Additional credit due to designation delay:

Petitioner reasonably should have been designated by approximately March 15, 2026 and transferred by approximately April 15, 2026.

Minimum additional credit:

15 days

Total First Step Act credit:

8.5 months

Total custody and credit:

90 months served

- 8.5 months credit

  = 98.5 months

5

Required service after Good Conduct Time:

98.5 months

Petitioner has therefore reached the lawful release point.

---

IV. JURISDICTION REMAINS WITH THIS COURT

Jurisdiction in a habeas action is determined at the time the petition is filed.

Petitioner filed this § 2241 petition in February 2026 while confined within this district.

Transfer after filing does not divest the Court of jurisdiction.

Dismissal would allow repeated transfers to defeat judicial review of the legality of custody.

---

V. REPEATED TRANSFERS AND INTERFERENCE WITH HABEAS REVIEW

Since sentencing on December 12, 2025, Petitioner has been transferred through approximately eight (8) different detention facilities located across four different states.

Petitioner has traveled in restraints on airplanes and buses while in custody.

Petitioner has been transported through multiple states while in chains and without reliable access to prescribed medication for a serious heart condition.

6

Petitioner previously suffered a heart attack requiring open-heart surgery.

Repeated transfers present significant medical risk and interfere with access to the courts.

Petitioner initially filed this § 2241 petition in February 2026.

More than two and one-half months have now passed while Petitioner has been repeatedly transferred between facilities.

Petitioner was ultimately transferred approximately 728 miles from his release residence.

The Bureau of Prisons has the practical ability to continue transferring Petitioner from facility to facility, potentially preventing adjudication of this case.

---

VI. LOSS OF LEGAL MATERIALS AND MEDICATION DURING TRANSFERS

Each transfer has resulted in the loss or destruction of Petitioner's legal materials.

Petitioner's legal paperwork has repeatedly been discarded or separated from him during transport between facilities.

As a result, Petitioner has been unable to maintain continuous access to documents necessary to prosecute this § 2241 petition.

Additionally, Petitioner's prescribed medications have not consistently traveled with him during transfers.

These repeated disruptions have materially interfered with Petitioner's constitutional right of access to the courts and have created significant risk to his health.

The practical effect of these transfers is that Petitioner cannot actively work on his habeas petition, cannot respond promptly to court orders, and cannot maintain continuity of legal preparation.

---

## VII. ADMINISTRATIVE REMEDIES WOULD BE FUTILE

Respondent asserts that Petitioner must exhaust administrative remedies.

However, exhaustion is not required where remedies would be futile.

The computation at issue is controlled by:

Bureau of Prisons

Designation and Sentence Computation Center

Grand Prairie, Texas

Local institutional staff do not possess authority to correct sentence computations.

Administrative remedies therefore cannot provide effective relief.

Additionally, the administrative process cannot resolve constitutional and jurisdictional issues raised in this petition.

8

Because continued detention may exceed the lawful term of imprisonment, exhaustion should be waived.

---

## VIII. GOVERNMENT RECEIVED NOTICE OF THE PETITION

Every filing in this case has been served on the United States Attorney's Office by U.S. Mail.

The United States Attorney's Office for both the Middle District of Florida and the Southern District of Florida has received hard-copy service of motions and notices.

Accordingly, Respondent cannot reasonably claim lack of notice based solely on internal email distribution issues.

Service by mail constitutes valid notice under federal rules.

---

## IX. CONTINUED DETENTION CREATES IRREPARABLE HARM

If Petitioner's computation is correct, continued detention constitutes unlawful custody.

Loss of liberty is irreparable harm.

Each additional day of detention increases that harm.

---

## X. REQUEST FOR PROTECTION FROM FURTHER DISRUPTION

Petitioner respectfully requests that the Court consider issuing appropriate orders to ensure continuity of access to legal materials and prescribed medications during any future transfer.

Petitioner further requests that the Court direct Respondent to preserve Petitioner's legal materials and medical prescriptions during transport and to avoid unnecessary transfers that could interfere with adjudication of this habeas petition.

XI. RELIEF REQUESTED

WHEREFORE, Petitioner respectfully requests that this Court:

1. Deny Respondent's request to dismiss the petition;

2. Retain jurisdiction over this action;

or alternatively,

3. Transfer the case rather than dismiss it;

4. Direct the Bureau of Prisons to produce Petitioner's full sentence computation under Program Statements 5880.28, 5880.30, and 5410.01;

5. Apply all prior custody credit and First Step Act Earned Time Credits;

6. Find that Petitioner has reached the lawful release point;

7. Order Petitioner's immediate release;

or alternatively,

8. Order placement in home confinement or prerelease custody;

9.  Permit Petitioner to appear by video conference if a hearing is scheduled;

10. Consider appointment of counsel under the Criminal Justice Act if necessary;

and

11. Grant any other relief the Court deems just and proper.

---

DECLARATION

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Executed on: April 27, 2026

Respectfully submitted,

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner, With Permission

Robert Henry Rivernider, Jr.
Petitioner, Pro Se
Reg. No. 96006-004
FCI Beckley Satellite Camp
PO Box 350
Beaver, WV 25813

CERTIFICATE OF SERVICE

I certify that a true and correct copy of this Combined Motion was served by U.S. Mail upon:

United States Attorney
Southern District of Florida

Warden
FCI Beckley

Federal Bureau of Prisons
Designation and Sentence Computation Center
Grand Prairie Office Complex
346 Marine Forces Drive
Grand Prairie, TX 75051


Executed on: April 27, 2026


*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner, With Permission

12

AIL EXPRESS
ENVELOPE
REQUIRED

USE

**PR**

**E**

FLA
EN
ONE RA

To sch

This package is made from post-consumer waste. Please recycle - again.

## USPS Label

UNITED STATES POSTAL SERVICE.

**Click-N-Ship®**

**E**

usps.com
$31.11
US POSTAGE

04/27/2026
1 lb 0 oz

9470 1301 0935 5015 8519 18 0311 1001 0003 3401

Mailed from 34785    4848411385075I3

**PRIORITY MAIL EXPRESS®**

U.S. POSTAGE PAID

Credidc: 2026-04-25
Flat Rate Envelope

RDC 07

C028

WAIVER OF SIGNATURE

ROBERT RIVERNIDER
14 S BOBWHITE RD
WILDWOOD FL 34785-9011

SOUTHERN DISTRICT OF FLORIDA
CLERK OF THE COURT
RM 202
701 CLEMATIS ST
WEST PALM BEACH FL 33401-5113

USPS TRACKING #

9470 1301 0935 5015 9519 18

LEGAL MAIL
CaseNo1-26-cv-22376

..., etc., documents enclosed
xpédition déclaration en inclus)

PS Form 2976-E, July 2013
PSN 7530-03-000-5174
USPS.COM/PICKUP

claims exclusions see the Domestic Mail Manual at
http://pe.usps.com.
+Money Back Guarantee for U.S. destinations only.

WHEN USED INTERNATIONALLY, / CUSTOMS DECLARATION LABEL MAY BE REQUIRED.

PS10001000006    EP13F October 2023
OD: 12 1/2 x 9 1/2

PAPER
POUCH    how2recycle.info

UNITED STATES
POSTAL SERVICE.