**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

     Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

     Respondents.

                          /

**<u>SUPPLEMENTAL ORDER TO SHOW CAUSE-28 U.S.C. § 2241</u>**

**THIS CAUSE** is before the Court on the *pro se* Amended Petition for Writ of Habeas Corpus ("Amended Petition") and Second Amended Petition for Writ of Habeas Corpus ("Second Amended Petition") (jointly, the "Amended Petitions") brought pursuant to 28 U.S.C. § 2241 and filed by Petitioner Robert Rivernider ("Petitioner") on March 12, 2026 and March 20, 2026, respectively, in accordance with the mailbox rule. (DE 4 at 8; DE 6 at 8). In the Petitions, Petitioner challenges the failure of the Bureau of Prisons ("BOP") to award him credit for time served pursuant to the First Step Act. (*Id.*; *Id.*). On April 23, 2026, Respondent filed two responses (jointly, the "Responses") to the Amended Petition, arguing that dismissal for lack of jurisdiction of this habeas proceeding is warranted because Petitioner is currently confined in West Virginia. (DE 17; DE 18). Respondent acknowledges that Petitioner filed the Petitions while in Miami "as a temporary holdover for his supervised release violation" but argues he was transferred on April 8, 2026 to the Federal Correctional Institution in Virginia. (DE 18 at 1). Respondent also argues that Petitioner has not exhausted his administrative remedies prior to filing the Petition. (DE 18 at 1). Petitioner has filed two "Combined Emergency Motion for Immediate Release, Reply to Respondent's Response, and Opposition to Dismissal" (jointly the "Motions in

Opposition") (DE 19; DE 20) arguing correctly that jurisdiction is not defeated because he was confined in the Southern District of Florida when he filed the Petition and reiterates the arguments raised in his Petition regarding the calculation of his good time credits by the Bureau of Prison. For the reasons discussed below, Respondent's arguments are **DENIED**, and Petitioner's Motions **DENIED as moot.**[1]

"Section 2241 provides a writ of habeas may issue to a prisoner . . . [who is] in custody in violation of the Constitution or laws or treaties of the United States." *Medberry v. Crosby*, 351 F.3d 1049, 1059 (11th Cir. 2003).   Eleventh Circuit has made clear that "[t]he petition for writ of habeas corpus is the sole remedy for petitioners challenging the fact or duration of their imprisonment."  *See Vaz v. Skinner*, 634 F. App'x 778, 780 (11th Cir. 2015); *Gomez v. United States*, 899 F.2d 1124, 1125-26 (11th Cir. 1990) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973)).   Upon entertaining a § 2241 habeas corpus petition, a court "shall forthwith award the writ of habeas corpus or issue an order directing the respondent to show cause why the writ should not be granted."   28 U.S.C. § 2243.

First, Respondent's argument that venue is proper in Virginia is incorrect.   It is well settled that if a district court properly acquires jurisdiction when the case is filed, then the petitioner's

---

[1] First, Petitioner's Motions in Opposition are styled as expedited motions requesting and immediate release from custody pursuant to 28 U.S.C. § 2241.   Because I am rejecting the arguments raised by Respondent in their responses (DE 17; DE 18) and ordering the Respondent to file a supplemental response to the Petition, Petitioner's Motions in Opposition are moot as Petitioner has already filed a habeas petition seeking the same relief—immediate release from custody after recalculation of his good time credits. *See* (DE 1).   Accordingly, Petitioner's Motions in Opposition appear duplicative and unnecessary. Second, although Petitioner designates the Motion as "emergenc[ies]," the Motions in Opposition fail to comply with Southern District of Florida Local Rule 7.1(d)(2). For all these reasons, the Motions in Opposition are DENIED.

subsequent removal to another judicial district does not destroy the court's jurisdiction. *Rumsfeld v. Padilla,* 542 U.S. 426, 439 (2004). (relying on *Ex parte Endo*, 323 U.S. 283, 306 (1944)). Thus, jurisdiction attaches upon the initial filing of the § 2241 petition and will not be destroyed by a petitioner's subsequent government-effectuated transfer and accompanying change in physical custodian. *See Padilla*, 542 U.S. at 440-41. Here, jurisdiction was properly acquired by me when Petitioner filed the Petitions in March 2026. Therefore, Respondent's argument that this case should be dismissed for lack of jurisdiction is DENIED.

Next, Respondent argues that Petitioner has failed to exhaust his administrative remedies prior to filing this federal habeas corpus proceeding. (DE 17; DE 18). Respondent concedes he has been unable to determine the merits of this defense nor has he provided the Court with any proof that Petitioner has not attempted to exhaust his administrative remedies. Moreover, Respondent readily admits that Petitioner has been in constant movement between federal facilities since March 2026. Given these facts, exhaustion of administrative remedies may have been futile. Thus, Respondent's conclusory lack of exhaustion defense is DENIED. It is thereupon

**ORDERED** as follows:

1. Because Respondent has been ordered to file a response to the Petition, Petitioner's Motions in Opposition (DE 19; DE 20) are **DENIED.**

2. On or before **May 1, 2026**, Respondent shall file a memorandum of fact and law to show cause why the Amended Petition should not be granted and shall file all necessary documents for the resolution of the Amended Petition. *See* 28 U.S.C. § 2243 (a response to the order to show cause "[s]hall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."). Respondent shall file the response and appendix simultaneously, but

if unable to do so, then Respondent shall file a motion for extension of time, explaining in detail the need for the time extension.

3.      Counsel for Respondent **shall** caption the response as a "Response" and not a "Motion to Dismiss."  The statute, 28 U.S.C. § 2243, calls for a "Return." Any motion for an extension of the date specified for the filing of the Response or Answer must be case-specific and must detail the reasons the extension is sought.   Any motion seeking an extension of time based on an inability to procure records shall be accompanied by documentation showing that the records were requested in a timely fashion, that they remain unavailable, and the date on which they are expected to be received.

4.      **Respondent is reminded that it must provide Petitioner full and complete copies of all documents filed in support of its response.** *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of a pleading for all purposes"); *Rodriguez v. Fla. Dep't of Corr.*, 748 F.3d 1073, 1077 (11th Cir. 2014) ("[a]ll documents referenced in the State's [Respondent's] answer and filed with the Court . . . must be served on the habeas petitioner.").

5.      During the pendency of this federal habeas corpus proceeding, Respondent  is again reminded that he **SHALL NOT** remove or transfer Petitioner without prior order from the Court permitting them to do so.

6.      Petitioner may, but is not required to, file a reply within **ten (10) days** of the date on which the Respondents' answer is docketed, which date is shown by the answer's certificate of service. The Court cautions Petitioner that he or she must take any potential mailing delays into consideration in determining when to submit the reply to prison officials for mailing. If the reply

is not filed within **ten (10) days** of the date of docketing of the Respondent's answer, the Court will deem the matter submitted and will not consider any untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

7.      Petitioner's reply, if any, shall not exceed **ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

**SIGNED** in Chambers at West Palm Beach, Florida, this 29th day of April, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Robert Rivernider, *Pro Se***
Reg. No. 96006-004
Federal Correctional Institution-Beckley
Inmate Mail/Parcels
Post Office Box 350
Beaver, WV 25813

**Alicia E. Shick, AUSA**
United States Attorney's Office
500 E Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394
Email: alicia.shick@usdoj.gov