**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

     Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

     Respondents.

_____/

## <u>ORDER</u>

**THIS CAUSE** is before the Court upon the "Motion for Extension of Time to File Response to Court's Supplemental Order to Show Cause" (DE 22) ("Motion") filed by Respondent Warden, Miami Federal Detention Center ("Respondent"), requesting a fourteen (14) day extension of time to file his response to the second amended petition ("Amended Petition") (DE 6) brought pursuant to 28 U.S.C. § 2241 by Petitioner Robert Rivernider ("Petitioner").  In the Motion, Respondent states that it requires information and documentation from the Bureau of Prisons ("BOP") "to determine the validity of Petitioner's claim" and to confirm whether Petitioner has exhausted his administrative remedies.  (*Id.* at 2).  Petitioner has filed an emergency motion ("Emergency Motion") seeking immediate release from custody.[1]  (DE 16).  Upon review of the Motions (DE 16; DE 22), pertinent portions of the record, relevant authorities, and for good cause shown, it is thereupon

---

[1] Although Petitioner designates the Motion as an "emergency," the Motion fails to comply with Southern District of Florida Local Rule 7.1(d)(2).  While denial is warranted on that basis, because the relief requested duplicates the relief requested in the Amended Petition, the Emergency Motion is denied.

**ORDERED** as follows:

1.      Petitioner's Emergency Motion for Immediate Release (DE 16) is **DENIED.**

2.      Respondent's Motion (DE 22) is **GRANTED.**   On or before **MAY 15, 2026,** Respondent shall file his response to Plaintiff's Rule 59 Motion.

3.      Petitioner may, but is not required to, file a reply within **ten (10) days** of the date on which the response from the Respondent is docketed, which date is shown by the response's certificate of service. The Court cautions Petitioner that he or she must take any potential mailing delays into consideration in determining when to submit the reply to prison officials for mailing. If the reply is not filed within **ten (10) days** of the date of docketing of the Respondent's answer, the Court will deem the matter submitted and will not consider any untimely reply. *See* Rule 5(e), Rules Governing Section 2254 Cases in the United States District Courts ("The petitioner may submit a reply to the respondent's answer . . . within a time fixed by the judge.").

4.      Petitioner's reply, if any, shall not exceed **ten pages** and shall otherwise comply with the Court's applicable Local Rules governing the form of filings. *See* S.D. Fla. L.R. 7.1(c); S.D. Fla. L.R. 5.1(a)(4).

**SIGNED** in Chambers at West Palm Beach, Florida, this <u>30th</u> day of April, 2026.

_____
Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Robert Rivernider,** *Pro Se*
Reg. No. 96006-004
Federal Correctional Institution-Beckley
Inmate Mail/Parcels
Post Office Box 350
Beaver, WV 25813

**Alicia E. Shick, AUSA**
United States Attorney's Office
500 E Broward Boulevard, 7th Floor
Fort Lauderdale, FL 33394
Email: alicia.shick@usdoj.gov