UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FILED BY___vıl___ D.C.

MAY 1 1 2026

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S.D. OF FLA. – W.P.B.

Robert Rivernider,

Petitioner,

v. Case No. 26-22376-CV-MIDDLEBROOKS

Warden,

Respondent.

_____/

**MOTION REQUESTING ORDER DIRECTING BUREAU OF PRISONS TO PROVIDE PROGRESS REPORT, SENTENCE COMPUTATION DATA, AND FIRST STEP ACT CREDIT CALCULATIONS**

Petitioner Robert Rivernider, proceeding pro se, respectfully moves this Court for an Order directing the Bureau of Prisons and/or Respondent to provide the Court and Petitioner with an updated Bureau of Prisons Progress Report, sentence computation materials, and First Step Act ("FSA") earned time credit calculations. In support thereof, Petitioner states as follows:

I. INTRODUCTION

This petition concerns the execution and computation of Petitioner's sentence, including the calculation and application of earned time credits under the First Step Act, 18 U.S.C. §§ 3632 and 3624.

1

Petitioner remains incarcerated beyond what he contends is his lawful release date, making expedited review necessary.

Petitioner's Case Manager, Mr. Bell, at FCI Beckley Satellite Camp advised Petitioner that the Bureau of Prisons can generate a formal "Progress Report" and sentence computation information directly upon request of the Court.

The requested records are material to the issues presently pending before this Court because they are expected to establish that Petitioner maintained qualifying institutional employment and programming from December 21, 2018 through May 14, 2020 while incarcerated in Bureau of Prisons custody prior to compassionate release.

Petitioner contends that this qualifying period totals approximately sixteen (16) months and twenty-four (24) days, resulting in approximately eight (8) months of earned First Step Act credits.

The requested records are directly relevant to determining:

1. Whether Petitioner's supervised release expired prior to the alleged technical violations and transfer proceedings;
2. Whether the Bureau of Prisons properly aggregated Petitioner's sentence structure for administrative purposes;
3. Whether Petitioner has already completed the lawful custodial portion of his aggregate sentence; and
4. Whether Petitioner is presently being unlawfully over-incarcerated.

2

## II. THE REQUESTED RECORDS ARE DIRECTLY MATERIAL TO THIS § 2241 PROCEEDING

The requested Bureau of Prisons records are expected to show:

1. Petitioner's qualifying work assignments and programming participation from December 21, 2018 through May 14, 2020;

2. The amount of First Step Act earned time credits attributable to that period;

3. Whether such credits were ever formally calculated or applied;

4. Whether the Bureau of Prisons administratively treated Petitioner's revocation sentence as aggregated with the original federal sentence pursuant to 18 U.S.C. § 3584(c); and

5. Petitioner's present sentence computation and projected release date.

These records are central to the legality of Petitioner's present confinement.

## III. GONZALEZ v. HERRERA SUPPORTS APPLICATION OF FSA CREDITS TO SUPERVISED RELEASE CALCULATIONS

In *Gonzalez v. Herrera*, 151 F.4th 1076 (9th Cir. 2025), the Ninth Circuit held that First Step Act earned time credits may affect supervised release calculations.

Petitioner's supervised release commenced on May 14, 2020. Petitioner contends that if the earned time credits attributable to the period from December 21, 2018 through May 14, 2020 are properly applied, Petitioner's supervised release term expired in approximately August 2024.

Petitioner further contends that the alleged technical violations and subsequent transfer of jurisdiction from the District of Connecticut to the Middle District of Florida under 18 U.S.C. § 3605 occurred after expiration of the lawful supervision period.

Accordingly, the requested Bureau of Prisons records are directly material to whether the Middle District of Florida possessed lawful jurisdiction over the supervised release proceedings resulting in Petitioner's current incarceration.

Petitioner acknowledges that Gonzalez is not binding authority within the Eleventh Circuit but respectfully submits that it constitutes persuasive authority addressing a question presently unresolved within this Circuit.

IV. JOHNSON, BONNIE, AND § 3584(c) SUPPORT AGGREGATION OF THE SENTENCE STRUCTURE

In *Johnson v. United States*, 529 U.S. 694 (2000), the Supreme Court explained that imprisonment imposed following revocation of supervised release is attributable to the original conviction and sentence rather than punishment for a new criminal offense.

Likewise, in *Bonnie v. Warden Dunbar*, 2025 U.S. App. LEXIS 28978 (4th Cir. Nov. 5, 2025), the Fourth Circuit discussed the aggregation principles contained in 18 U.S.C. § 3584(c), recognizing that multiple terms are administratively treated as "a single, aggregate term of imprisonment."

4

Petitioner further notes that courts, including the Third Circuit, have recognized that 18 U.S.C. § 3584(c) governs Bureau of Prisons administrative sentence aggregation practices. See *Chambers v. Warden Lewisburg USP*, 852 F. App'x 648 (3d Cir. 2021).

Petitioner respectfully submits that these authorities support treatment of the original custodial term and later revocation sentence as one continuous aggregate sentence for purposes of:

- sentence administration;
- good conduct time calculations;
- First Step Act earned time credit calculations; and
- determining lawful release dates.

Petitioner served approximately eighty (80) months prior to compassionate release on May 14, 2020 and has now served approximately an additional ten (10) months following his June 24, 2025 arrest on the alleged technical violations.

Using an aggregate sentence structure of approximately 116 months, Petitioner contends that once good conduct time and earned First Step Act credits are properly applied, Petitioner has already served more custodial time than lawfully required.

## V. JURISDICTION REMAINS PROPER IN THIS COURT

Petitioner acknowledges that he has since been transferred to FCI Beckley Satellite Camp after filing this petition.

5

However, jurisdiction attached at the time the petition was filed while Petitioner was confined within the Southern District of Florida, and substantial proceedings have already occurred in this action, including issuance of a show cause order and Respondent's response.

Accordingly, Petitioner respectfully submits that this Court retains jurisdiction to resolve the pending sentence computation and execution issues raised in this proceeding.

## VI. COURT INTERVENTION IS NECESSARY TO OBTAIN THE REQUESTED RECORDS

The requested records are uniquely within the possession, custody, and control of the Bureau of Prisons.

Petitioner's Case Manager, Mr. Bell, at FCI Beckley Satellite Camp advised Petitioner that the Bureau of Prisons can generate and provide the requested Progress Report and sentence computation materials directly upon request of the Court.

However, because Petitioner is proceeding pro se and is presently incarcerated, Petitioner lacks the practical ability to obtain these records directly in the manner available to retained or appointed counsel.

The requested records are material to the claims presently before this Court concerning:

- First Step Act earned time credits;
- sentence aggregation under 18 U.S.C. § 3584(c);
- supervised release expiration calculations; and
- the legality of Petitioner's continued incarceration.

6

Accordingly, limited Court intervention is necessary to ensure the relevant Bureau of Prisons records are produced for judicial review.

VII. REQUEST FOR RELIEF

WHEREFORE, Petitioner respectfully requests that this Court enter an Order directing Respondent and/or the Bureau of Prisons to provide:

1. Petitioner's current Bureau of Prisons Progress Report;

2. Petitioner's Sentence Monitoring Computation Data;

3. All First Step Act earned time credit calculations;

4. Records reflecting qualifying programming and work assignments from December 21, 2018 through May 14, 2020;

5. Records reflecting whether previously earned First Step Act credits were suspended, preserved, restored, or reapplied following Petitioner's return to Bureau of Prisons custody in 2025;

6. Petitioner's current projected release date calculations; and

7. Any additional relief the Court deems just and proper.

Respectfully submitted,

Robert H. Rivernider

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner, With Permission

7

Reg. No. 96006-004

FCI Beckley Satellite Camp

P.O. Box 350

Beaver, West Virginia 25813

Date: May 7, 2026

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served by U.S. Mail upon the Office of the United States Attorney for the Southern District of Florida on this 7th day of May, 2026.

Robert H. Rivernider

*Robert Henry Rivernider, Jr*

ELECTRONIC SIGNATURE: /S/ Robert Henry Rivernider, Jr

Pro Se Petitioner, With Permission

8

Robert Riverwider
14 S. Bobwhite Rd
Wildwood FL 34785

ORLANDO FL 328

9 MAY 2026

UNITED STATES
OF AMERICA
FOREVER/USA

INSPECTED

Clerk of the Court
Southern District of FL
701 Clematis St,   Rm 202
West Palm Bch   FL   33401

33401-511952