**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

        Petitioner,

v.

WARDEN, MIAMI FEDERAL
DETENTION CENTER,

        Respondent.

_____/

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

**THIS CAUSE** is before the Court on the *pro se* Amended Petition for Writ of Habeas Corpus ("Amended Petition")[1] (DE 6) with supporting Memorandum of Law ("Memorandum") (DE 6-1) brought pursuant to 28 28 U.S.C. § 2241 by Petitioner Robert Rivernider ("Petitioner") claiming the Bureau of Prisons ("BOP") violated his constitutional rights by failing to award him good time credits under the First Step Act ("FSA") and the loss of good time credits while awaiting designation and transfer to a BOP facility after imposition of a revocation sentence. (DE 6-1 at 2). I have considered the Amended Petition (DE 6) with supporting Memorandum (DE 6-1), the Responses filed by Respondent (DE 17; DE 18; DE 26), Petitioners multiple Replies (DE 20; DE 27; DE 29; DE 30; DE 31; DE 33). For the reasons discussed below the Petition is DISMISSED for lack of exhaustion of administrative remedies.

### I. BACKGROUND

In 2013, after Petitioner pled guilty to two counts of conspiracy to commit wire fraud, and sixteen counts of wire fraud in *United States v. Rivernider*, No. 3:10CR222(RNC) (D. Conn.) (the

_____

[1] In the form Amended Petition, Petitioner does not set forth any grounds for relief and, instead, directs that I to the supporting Memorandum (DE 6-1).

"Criminal Case") (DE 26-1, Ex. A at 1–18), Petitioner was sentenced to a total term of 144 months in prison and, upon release, to serve a total of five years supervised release (DE 26-4, Ex. D at 2). On March 28, 2024, following his release from prison, Petitioner's supervised release was transferred to the Middle District of Florida.  (DE 26 at 5 citing (DE 26-5, Ex. E)).  On December 12, 2025, following his arrest and violation of supervised release proceedings in *United States of America v. Rivernider*, No. 5:24-cr-138-TPB-PRL (M.D. Fla. Dec. 12, 2025), Petitioner was found guilty of multiple violations (for failure to report, failure to disclose financial information, and failure to obtain "Next Credit/Loan without Approval"), and sentenced to a total term of 3 years in prison with no supervision to follow.  (*Id.* citing DE 26-7, Ex. G, DE 26-8, Ex. H)).

On March 20, 2026, while confined at the Federal Detention Center ("FDC") in Miami, Florida, Petitioner filed the Amended Petition currently before me for consideration.  (DE 6; DE 6-1).  Following his transfer from FDC in Miami, Petitioner remains currently confined at the Federal Correctional Institution ("FCI-Beckley") in West Virginia, with a current projected release date of January 14, 2028.  (DE 26 at 6)[2]

In the Response (DE 26) to the Amended Petition, Respondent raising three arguments in opposition.  *First*, Respondent asserts that Petitioner "failed to file any administrative remedy, despite his clear ability to do so" and, therefore, I must dismiss the Amended Petition on this basis (*Id.* at 7–8).  *Second*, Respondent argues that Petitioner's claims challenging the constitutionality of his revocation judgment is not properly brought in a § 2241 proceeding.  (*Id.* at 9).  *Third*, Respondent argues that Petitioner's claim that the BOP is improperly calculating his good time credits is meritless.  (*Id.* at 9–10).  Without addressing Respondent's third argument, I find that

---

[2] As of June 25, 2026, the BOP on-line website has a projected release date of January 13, 2028. *See* https://www.bop.gov/inmateloc/.

Petitioner plainly failed to exhaust his administrative remedies and his claims challenging his revocation judgment are not properly brought in a § 2241 proceeding.[3]

## II.  LEGAL STANDARD

Title 28 U.S.C. § 2241 permits district courts to grant habeas corpus relief for prisoners "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal prisoner may use § 2241 "to challenge the execution of his sentence, such as the deprivation of good-time credits or parole determinations."  *McCarthan v. Dir. of Goodwill Indus. Suncoast, Inc.*, 851 F.3d 1076, 1092–93 (11th Cir. 2017) (en banc).  "[C]hallenges to the execution of a sentence rather than the validity of the sentence itself, are properly brought under § 2241."  *Antonelli v. Warden, U.S.P., Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008).  A § 2241 petition is the proper vehicle to challenge the calculation of earned time credits since inmates are entitled to "certain due process protections" before the BOP reduces the amount of credits an inmate has earned.  *See Santiago-Lugo v. Warden*, 785 F.3d 467, 475–76 (11th Cir. 2015) ("The Supreme Court has held that inmates must be given certain due process protections before they are deprived of their protected liberty interest in good time credits . . ..").  However, "it is the petitioner's burden to establish his right to habeas relief[,] and he must prove all facts necessary to show a constitutional violation."  *Blankenship v. Hall,* 542 F.3d 1253, 1270 (11th Cir. 2008) (citation omitted).

---

[3] The Court takes judicial notice of supporting exhibits file din this case and information available on-line at the BOP inmate locator website.  *See* Fed. R. Evid. 201; *see also Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (quoting *United States v. Glover*, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999) ("A court may take judicial notice of its own records and the records of inferior courts.")); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of Bureau of Prisons' inmate locator website).

### III.  DISCUSSION

**A.**     <u>**Exhaustion Defense**</u>.

Respondent argues that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies prior to filing this habeas petition.  (DE 26).  In his Replies, Petitioner claims Respondent's exhaustion defense should be "rejected" because exhaustion is futile.  (DE 27 at 14; DE 20 at 8; DE 33 at 4).  Petitioner contends that he "attempted to obtain sentence-computation review" but when it was addressed by the BOP they only considered the three-year sentence imposed following revocation of supervised release without considering the original sentence imposed in the Criminal Case.[4]

This Circuit's precedent is that "prisoners seeking habeas relief, including relief pursuant to § 2241, are subject to administrative exhaustion requirements."  *Skinner v. Wiley*, 355 F.3d 1293, 1295 (11th Cir. 2004).   Exhausting administrative remedies is not a jurisdictional requirement in a § 2241 proceeding.  *Santiago-Lugo v. Warden,* 785 F.3d 467, 471, 474-75 (11th

---

[4] Further, a sentence imposed following revocation of supervised release constitutes a new sentence separate and distinct from a prisoner's original sentence.  Once an inmate is released from prison, either by parole or mandatory release, the good time earned during that period is of no further effect either to shorten the period of supervision or to shorten the period of imprisonment which the offender may be required to serve for violating parole or mandatory release.  *See* 28 C.F.R. § 523.2(c) ("Once an inmate is conditionally release from imprisonment, either by parole, including special parole, or mandatory release, the good time earned (extra or statutory) during that period of imprisonment is of no further effect to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violation of parole or mandatory release."); *see also Goldberg v. Price*, No. 5:22-cv-210-TKW/MAL, 2023 WL 3466659,*5 (N.D. Fla. May 3, 2023), *report and recommendation adopted by* 203 WL 3457887,*1 (N.D. Fla. May 15, 2023) (finding Petitioner not entitled to have good time credits earned on his original sentence that had already concluded to be applied towards his sentence for violation of supervised release) (citations omitted); *see also Wallace v. Williams*, No. 21-CV-401-SMY, 2022 WL 6580326, *2 (S.D. Ill. Sept. 27, 2022) ("[M]ultiple district courts . . . have found that revocation sentences are separate and distinct from the original underlying sentence for purposes of calculating GCT and concluded that a prisoner serving a post-revocation sentence is not entitled under the First Step Act to additional GCT for time served on the original underlying sentence. (citations omitted).

Cir. 2015) (finding that, while exhaustion is not a jurisdictional prerequisite, petitioner seeking relief under § 2241 are still required to exhaust their administrative remedies before seeking habeas corpus relief); *Woodford v. Ngo,* 548 U.S. 81, 93 (2006) (Under the PLRA, 42 U.S.C. § 1997e(a), "proper exhaustion" requires "compliance with the agency's deadlines and other critical procedural rules."). "[T]hat does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense . . . The exhaustion requirement is still a requirement; it's just not a jurisdictional one." *Id.* at 475. Exhaustion allows "the agency [to] develop the necessary factual background upon which decisions should be based and giv[es] the agency a chance to discover and correct its own errors." *Green v. Sec'y for Dep't of Corr.*, 212 F. App'x 869, 871 (11th Cir. 2006).

To properly exhaust administrative remedies, a prisoner must comply with the BOP's "deadlines and other critical procedural rules." *Woodford*, 548 U.S. at 90. The BOP's "Administrative Remedy Program" sets out the procedure for an inmate "to seek formal review of an issue relating to any aspect of his/her own confinement." 28 C.F.R. § 542.10(a). By Petitioner's own admission, his grievance against the BOP arose from events that took place during his incarceration because he earned the contested good time credits while incarcerated. He was therefore required to exhaust his administrative remedies prior to filing suit. *Santiago-Lugo*, 785 F.3d at 474–75.

Generally, the first stage requires the resolution of issues through informal grievances to the institution Warden or staff. *See* 28 C.F.R. § 542.13(a)-(b). The deadline for completion of informal resolution and submission of a formal written Administrative Remedy Request, on the appropriate (BP-9) form, is twenty (20) calendar days following the date on which the basis for the request occurred. *See* 28 C.F.R. § 542.149(a). If unsuccessful at the first stage, a formal written appeal, on the appropriate (BP-10) form, to the Regional Director shall be filed within twenty (20)

calendar days of the date the Warden signs the response.  *See* 28 C.F.R. § 542.15(a).  If not satisfied with the Regional Director's response, the final step in pursuing administrative remedies is to submit an appeal, on the appropriate (BP-11) form, to the Central Office Appeal, Office of the General Counsel, within thirty (30) calendar days of the date the Regional Director signed the response.  *See* 28 C.F.R. § 542.15(a).  If a request for administrative remedy is rejected, it is returned to the inmate, and the inmate is provided with a written notice explaining the reason for rejection. *See* 28 C.F.R. § 542.17(b).

Respondent has provided a declaration from Aubrey Webb, an Attorney-Advisor ("Ms. Webb") for the Consolidated Legal Center ("CLC") which oversees the FDC in Miami.  (DE 26-9, Ex. I).  Ms. Webb confirms that Petitioner did not file any administrative remedies despite his ability to do so.  (*Id.* at 1 ¶ 3).  Petitioner could have, but failed to file to pursue his administrative remedies upon arrival and while confined at the FDC in Miami between March 5, 2026 and April 8, 2026.  (*Id.* at 1–2 ¶ 3).  I therefore agree with the Respondent's position that the Amended Petition is due to be dismissed for lack of administrative exhaustion.[5]

**B.       Challenge to Constitutionality of Revocation Judgment**

Further, Petitioner's challenge to the constitutionality of his conviction and sentence imposed following revocation of supervised release proceedings in the Criminal Case, such a challenge should be brought, if at all, on direct appeal of that judgment or by way of a 28 U.S.C. § 2255 motion to vacate in the Middle District of Florida—the court where the judgment was imposed.  *See* 28 U.S.C. § 2255(a).  Therefore, any attempt to challenge his federal conviction in this § 2241 proceeding is **DISMISSED without prejudice** to filing a motion to vacate pursuant

---

[5] I need not decide if Petitioner is entitled to a certificate of appealability ("COA").  Generally, a petitioner cannot appeal the rejection of his § 2241 petition unless the court "issues a certificate of appealability."  28 U.S.C. § 2254(c)(1).  However, according to the text of § 2255, "a federal prisoner who proceeds under § 2241 does not need a COA to proceed."  *Sawyer*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

to 28 U.S.C. § 2255 in the Middle District of Florida. *See United States v. Jordan*, 915 F.2d 622, 629 (11th Cir. 1990) (§ 2255 is the primary method of collateral attack on a federal imposed sentence); *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1351 (11th Cir. 2008); *see also McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979) ("A motion to vacate sentence pursuant to 28 U.S.C. [§] 2255 provides the primary method of collateral attack on a federally imposed sentence.").[6]

## II.  CONCLUSION

Based on the foregoing, it is **ORDERED and ADJUDGED** that

1.      The Amended Petition (DE 6) is **DISMISSED for lack of exhaustion**.

2.      All pending motions not otherwise ruled upon are **DENIED, AS MOOT.**

3.      The Clerk of the Court shall **CLOSE THIS CASE**.

**DONE AND ORDERED** at West Palm Beach, Florida this 26th day of June, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**
**Robert Rivernider,** *Pro Se*
Reg. No. 96006-004
Federal Correctional Institution-Beckley
Inmate Mail/Parcels
Post Office Box 350
Beaver, WV  25813

**Alicia E. Shick, AUSA**
United States Attorney's Office
99 NE 4th Street
Miami, FL 33132
Email: Alicia.Shick@usdoj.gov

---

[6] Decisions of the Fifth Circuit Court of Appeals prior to September 30, 1981 are binding as precedent on the Eleventh Circuit. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981).