# EXHIBIT LIST

Petitioner Robert Rivernider submits the following exhibits in support of his Motion to Alter or Amend Judgment Under Rule 59(e), or in the Alternative for Reconsideration:

Exhibit A — Letter to Joshua J. Smith, Deputy Director of the Federal Bureau of Prisons, requesting review of DSCC's use of 28 C.F.R. § 2.35(b), Document 26-9 / Declaration of Aubrey Webb, the Florida-only sentence computation, and preservation of records.

Exhibit B — Complaint to the Department of Justice Office of Inspector General requesting investigation into BOP/DSCC use of 28 C.F.R. § 2.35(b), § 523.2(c), or other old-law parole/mandatory-release regulations in supervised-release revocation cases.

Exhibit C — March 16, 2026 BOP/DSCC sentence-computation request from FDC Miami, together with relevant pages of Document 26-9 / Declaration of Aubrey Webb, showing Petitioner sought immediate sentence-computation review and home-confinement eligibility review while at FDC Miami, and showing BOP relied on 28 C.F.R. § 2.35(b) to treat the supervised-release revocation sentence as a new standalone sentence.

A shared Notice Regarding Enclosures / Referenced Document List follows Exhibits A and B. The referenced documents themselves are not attached because many are already docketed, are in BOP/DSCC possession, or are unavailable to Petitioner due to incarceration, indigency, and limited copying access.

Petitioner relies on the existing docket for all other materials, including DE 21, Docket 26, Docket 26 footnote 7, Document 26-9 / Declaration of Aubrey Webb, Docket 35, and all prior filings and exhibits already docketed in this case.

# EXHIBIT LIST

Petitioner Robert Rivernider submits the following exhibits in support of his Motion to Alter or Amend Judgment Under Rule 59(e), or in the Alternative for Reconsideration:

Exhibit A — Letter to William K. Marshall III, Director of the Federal Bureau of Prisons, requesting review of DSCC's use of 28 C.F.R. § 2.35(b), Document 26-9 / Declaration of Aubrey Webb, the Florida-only sentence computation, and preservation of records.

Exhibit B — Complaint to the Department of Justice Office of Inspector General requesting investigation into BOP/DSCC use of 28 C.F.R. § 2.35(b), § 523.2(c), or other old-law parole/mandatory-release regulations in supervised-release revocation cases.

Exhibit C — March 16, 2026 BOP/DSCC sentence-computation request from FDC Miami, together with relevant pages of Document 26-9 / Declaration of Aubrey Webb, showing Petitioner sought immediate sentence-computation review and home-confinement eligibility review while at FDC Miami, and showing BOP relied on 28 C.F.R. § 2.35(b) to treat the supervised-release revocation sentence as a new standalone sentence.

A shared Notice Regarding Enclosures / Referenced Document List follows Exhibits A and B. The referenced documents themselves are not attached because many are already docketed, are in BOP/DSCC possession, or are unavailable to Petitioner due to incarceration, indigency, and limited copying access.

Petitioner relies on the existing docket for all other materials, including DE 21, Docket 26, Docket 26 footnote 7, Document 26-9 / Declaration of Aubrey Webb, Docket 35, and all prior filings and exhibits already docketed in this case.

# EXHIBIT A

Letter to William K. Marshall III,
Director
Federal Bureau of Prisons

This exhibit is Petitioner's letter requesting immediate review of DSCC's use of 28 C.F.R. § 2.35(b), Document 26-9 / Declaration of Aubrey Webb, the Florida-only sentence computation, and preservation of records concerning the sentence-calculation issues raised in this Rule 59(e) motion.

22

Robert Rivernider

Reg. No. 96006-004

FCI Beckley Satellite Prison Camp

P.O. Box 350

Beaver, WV 25813


July 1, 2026


William K. Marshall III

Director

Federal Bureau of Prisons

320 First Street NW

Washington, DC 20534


**Re: Request for Immediate Administrative Review of BOP Use of 28 C.F.R. § 2.35(b), Failure to Aggregate Supervised-Release Revocation Sentences, and Resulting Delays in Release, First Step Act Credits, RRC Placement, and Home Confinement**


Dear Director Marshall:

I respectfully request immediate review of the Bureau of Prisons' sentence-computation practices concerning supervised-release revocation sentences. My concern is narrow but urgent: the Bureau appears to be using, or relying on the reasoning of, an old parole-related regulation, 28 C.F.R. § 2.35(b), to treat supervised-release revocation imprisonment as a new and separate sentence rather than aggregating it as required by federal law.

This issue directly affects my projected release date, statutory good-time credit, First Step Act earned time credits, Residential Reentry Center placement, and home-confinement eligibility. It may also affect many similarly situated federal inmates who do not have the ability, resources, legal knowledge, or outside assistance to identify and challenge an incorrect computation.

I was not sentenced under the former federal parole system. My revocation sentence arises under 18 U.S.C. § 3583, the supervised-release statute. Section 2.35(b) concerns mandatory release in the absence of parole and parole-related supervision under the former parole system. It should not control the computation of a supervised-release revocation sentence imposed under § 3583.

Federal law requires multiple terms of imprisonment ordered to run consecutively or concurrently to be treated, for administrative purposes, as a single aggregate term of imprisonment. See 18 U.S.C. § 3584(c). The Supreme Court has also recognized that post-revocation penalties relate to, and are attributable to, the original conviction. See Johnson v. United States, 529 U.S. 694 (2000); Mont v. United States, 139 S. Ct. 1826 (2019). I have also relied in pending filings on relevant appellate authority, including United States v. Barrus and United States v. Jackson, supporting the principle that supervised-release revocation is part of the original sentence structure rather than a wholly new, unrelated sentence.

In my case, the Bureau has treated my 36-month revocation term as a new sentence beginning December 12, 2025. I respectfully contend that this is incorrect. My original sentence was modified when the sentencing court granted compassionate release in 2020 after I had served approximately 80 months. The court later imposed a 36-month revocation term. The Bureau should aggregate the imprisonment terms for administrative purposes rather than treating the revocation term as an isolated new sentence.

1

Respectfully submitted,


Robert Rivernider

Reg. No. 96006-004

FCI Beckley Satellite Prison Camp

P.O. Box 350

Beaver, WV 25813


**Enclosures:**

Exhibit A – Webb Declaration

Exhibit B – Letter to the Department of Justice Office of Inspector General

**Referenced Documents Not Enclosed:**

1. DOJ OIG, Evaluation of the Federal Bureau of Prisons' Use of First Step Act Funding and Implementation of First Step Act Programs at Its Institutions, Report No. 26-057, May 28, 2026.
2. GAO, Federal Prisons: Improvements Needed to the System Used to Assess and Mitigate Incarcerated People's Recidivism Risk, GAO-26-107268, January 27, 2026.
3. GAO, Bureau of Prisons: Actions Needed to Better Achieve Institutional and Community-Based Reentry Goals, GAO-26-107353, February 11, 2026.
4. Designation and Sentence Computation Center sentence-computation correspondence.
5. Administrative Remedy submissions and responses concerning sentence computation.
6. Pending 28 U.S.C. § 2241 petition and supporting filings concerning sentence computation.
7. Webb Declaration.
8. Relevant federal statutes, including 18 U.S.C. §§ 3583, 3584(c), 3624(b), and 3632(d)(4).
9. Relevant Supreme Court and appellate decisions, including Johnson v. United States, Mont v. United States, United States v. Barrus, United States v. Jackson, and other authorities cited in pending filings.

**cc:**

Joshua J. Smith, Deputy Director, Federal Bureau of Prisons

Designation and Sentence Computation Center

Regional Director, Mid-Atlantic Regional Office, Federal Bureau of Prisons

Warden, FCI Beckley Satellite Prison Camp

Office of Inspector General, U.S. Department of Justice

Chairman Chuck Grassley, Senate Committee on the Judiciary

Ranking Member Dick Durbin, Senate Committee on the Judiciary

Chairman Jim Jordan, House Committee on the Judiciary

Ranking Member Jamie Raskin, House Committee on the Judiciary

Chairman, Senate Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies

Ranking Member, Senate Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies

Chairman, House Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies

Ranking Member, House Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies

United States Senator Ashley Moody

3

# EXHIBIT B

Complaint to the Department of Justice
Office of Inspector General

This exhibit is Petitioner's complaint requesting investigation into whether BOP/DSCC is using 28 C.F.R. § 2.35(b), 28 C.F.R. § 523.2(c), or other old-law parole or mandatory-release regulations to calculate supervised-release revocation sentences as new standalone sentences, causing over-incarceration, loss of sentence credit, or delayed prerelease/home-confinement eligibility.

Robert Rivernider
Reg. No. 96006-004
FCI Beckley Satellite Prison Camp
P.O. Box 350
Beaver, WV 25813

Date: July 1, 2026

Office of the Inspector General
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530-0001

RE: Request for Investigation into BOP/DSCC Sentence-Calculation Practices, Use of Old-Law Parole Regulations, Government Webb Declaration, New BOP Response, and Possible Over-Incarceration of Supervised-Release Revocation Prisoners

To the Office of the Inspector General:

I respectfully request that the Department of Justice Office of the Inspector General investigate whether the Bureau of Prisons, the Designation and Sentence Computation Center, and related DOJ personnel are using 28 C.F.R. § 2.35(b), 28 C.F.R. § 523.2(c), or other old-law parole and mandatory-release regulations to keep federal prisoners in custody longer in supervised-release revocation cases.

I am enclosing two documents with this request:

1. Government "Exhibit I," the Declaration of Attorney-Advisor Aubrey Webb, filed or relied upon by Respondent in Rivernider v. Warden, Case No. 26-22376-CV-MIDDLEBROOKS; and
2. A new BOP/DSCC response letter concerning my sentence computation.

These two documents are critical because they show the position BOP and the Government are taking in my § 2241 case and in the administrative sentence-computation process. The Webb Declaration was used to argue that I had an available administrative-remedy process, including while I was temporarily housed at FDC Miami. The new BOP/DSCC response again treats my sentence as only a new Florida revocation sentence and fails to address my original District of Connecticut sentence, the approximately 80 months already served, the May 14, 2020 BOP computation sheet, or the aggregate-sentence argument under 18 U.S.C. § 3584(c).

I am not on parole. I was not sentenced under the old federal parole system. I was on supervised release under 18 U.S.C. § 3583. On December 12, 2025, I received a 36-month supervised-release revocation sentence. BOP/DSCC is treating that revocation sentence as a new standalone Florida sentence and is ignoring the original District of Connecticut sentence, the approximately 80 months I already served, and BOP's own May 14, 2020 computation sheet showing six years, seven months, and twenty-eight days already served.

1

county jail. BOP did not respond to those computation requests until May 2026, after I arrived at FCI Beckley.

The enclosed BOP/DSCC response confirms that BOP continues to address only the Middle District of Florida revocation case and does not meaningfully address the original District of Connecticut sentence, the May 14, 2020 BOP computation sheet, 18 U.S.C. § 3584(c), or the aggregate-sentence argument. That confirms the futility of further administrative delay.

I also ask OIG to investigate the Government's reliance on 28 C.F.R. § 2.35(b). That regulation is a pre-1984 parole/mandatory-release regulation. It should not be used by BOP or DOJ in a modern supervised-release case. If BOP/DSCC is using § 2.35(b) to defeat sentence aggregation or deny credit in supervised-release revocation cases, that practice should be investigated and stopped.

I further ask OIG to investigate BOP's transfer conduct in my case. BOP ignored the Southern District of Florida court's order not to remove me from the district. I was later held in Tallahassee before transfer to Atlanta. Instead of returning me to Miami based on the Court's order, BOP transported me to Atlanta, then Oklahoma City, then West Virginia. That transfer sequence interfered with my access to the court, legal materials, administrative remedies, and the ability to respond to the Government's filings.

I also ask OIG to investigate whether BOP's conduct caused or contributed to the dismissal of my § 2241 petition for lack of exhaustion. BOP argued that I should have exhausted administrative remedies in Miami, while BOP also moved me from the district, limited my access to legal materials, failed to return me when it could have done so, failed to respond to my January 2026 computation letters until May 2026, and then continued to rely on DSCC responses that addressed only the Florida revocation case.

I respectfully request that OIG investigate:

1. whether BOP/DSCC is using 28 C.F.R. § 2.35(b), § 523.2(c), or other old-law parole/mandatory-release regulations in supervised-release revocation cases;
2. whether DSCC is refusing to apply 18 U.S.C. § 3584(c) to supervised-release revocation imprisonment where the revocation term is tied to an original federal sentence;
3. how many federal prisoners remain in custody because DSCC is using § 2.35(b), § 523.2(c), or similar old-law regulations to deny aggregation, overserved-time credit, sentence credit, or earlier prerelease eligibility in supervised-release revocation cases;
4. whether DSCC's computation practice is causing over-incarceration or loss of home-confinement/prerelease custody;
5. whether BOP policy recognizes that overserved time can be applied to future imprisonment based on revocation of supervised release, as discussed in United States v. Mahata;
6. why DSCC calculated my sentence using only the Middle District of Florida revocation case while ignoring my original District of Connecticut sentence and BOP's May 14, 2020 computation sheet;

3

2. GAO, Federal Prisons: Improvements Needed to the System Used to Assess and Mitigate Incarcerated People's Recidivism Risk, GAO-26-107268, January 27, 2026.

3. GAO, Bureau of Prisons: Actions Needed to Better Achieve Institutional and Community-Based Reentry Goals, GAO-26-107353, February 11, 2026.

4. Designation and Sentence Computation Center sentence-computation correspondence.

5. Administrative Remedy submissions and responses concerning sentence computation.

6. Pending 28 U.S.C. § 2241 petition and supporting filings concerning sentence computation.

7. Webb Declaration.

8. Relevant federal statutes, including 18 U.S.C. §§ 3583, 3584(c), 3624(b), and 3632(d)(4).

9. Relevant Supreme Court and appellate decisions, including Johnson v. United States, Mont v. United States, United States v. Barrus, United States v. Jackson, and other authorities cited in pending filings.

**cc:**

William K. Marshall III, Director, Federal Bureau of Prisions
Joshua J. Smith, Deputy Director, Federal Bureau of Prisons
Designation and Sentence Computation Center
Regional Director, Mid-Atlantic Regional Office, Federal Bureau of Prisons
Warden, FCI Beckley Satellite Prison Camp
Chairman Chuck Grassley, Senate Committee on the Judiciary
Ranking Member Dick Durbin, Senate Committee on the Judiciary
Chairman Jim Jordan, House Committee on the Judiciary
Ranking Member Jamie Raskin, House Committee on the Judiciary
Chairman, Senate Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies
Ranking Member, Senate Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies
Chairman, House Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies
Ranking Member, House Appropriations Subcommittee on Commerce, Justice, Science, and Related Agencies
United States Senator Ashley Moody
United States Senator Rick Scott
United States Senator Mike Lee
United States Representative Ro Khanna

These records are referenced for preservation, investigation, and review. Petitioner requests that BOP, DSCC, DOJ, and OIG preserve and produce all referenced records.

5

# EXHIBIT C

March 16, 2026 BOP/DSCC Sentence-Calculation Request
and Relevant Pages of Document 26-9 / Declaration of Aubrey Webb

This exhibit shows that Petitioner requested immediate sentence-computation review and home-confinement eligibility review while housed at FDC Miami. It also includes relevant pages from Document 26-9 / Declaration of Aubrey Webb confirming that BOP relied on 28 C.F.R. § 2.35(b) to classify the supervised-release revocation sentence as a new standalone sentence.

24

TRULINCS 96006004 - RIVERNIDER, ROBERT - Unit: MIM-C-W

---------------------------------------------------------------------------------------

FROM: ~~————————~~
TO: 96006004
SUBJECT: RE: Monday, HOTTT
DATE: 03/16/2026 01:21:08 PM

Two strategic notes for you
1.      Send a copy to your Unit Team.
Mark it: "Copy provided to Unit Team for administrative review."
2.      If they ignore it, the next step is a BP-8 administrative remedy, which strengthens your §2241 claim that BOP is miscomputing or delaying designation.

Robert H. Rivernider
Reg. No. 96006-004
FDC Miami
Federal Detention Center
PO Box 019120
Miami, FL 33101
March 16, 2026
Federal Bureau of Prisons
Designation and Sentence Computation Center (DSCC)
U.S. Armed Forces Reserve Complex
346 Marine Forces Drive
Grand Prairie, TX 75051
Re: Request for Sentence Computation Review and Home Confinement Eligibility
Inmate: Robert H. Rivernider, Reg. No. 96006-004
To Whom It May Concern:
I respectfully request an immediate review and correction of my sentence computation and custody designation.
According to staff at FDC Miami, the Bureau of Prisons currently lists my release date as "unknown," and I have not yet received a final designation despite having been in continuous custody since June 24, 2025.
My custody history is as follows:
        Arrested: November 3, 2010
        Released on bond: March 14, 2011
        Self-surrendered to federal custody: January 29, 2014
        Compassionate release granted: May 14, 2020
        Rearrested on supervised release warrant: June 24, 2025
        Remain in federal custody since that date
After revocation proceedings in the Middle District of Florida, I received a 36-month sentence. Based on the Bureau of Prisons' standard 85% good-conduct calculation, approximately nine months remain on this sentence.
Despite this short remaining term, I have remained housed in county and detention facilities without designation for more than eight months. This situation appears inconsistent with normal Bureau of Prisons placement procedures.
Given the limited time remaining on the sentence, continued placement in secure detention facilities serves little penological purpose and creates unnecessary costs and security burdens. Under 18 U.S.C. §§ 3621(b) and 3624(c), and the Bureau of Prisons' policies governing prerelease custody and home confinement placement, I appear to fall squarely within the population appropriate for transfer to home confinement or residential reentry placement.
I therefore respectfully request that the DSCC:
1.      Conduct an immediate review of my sentence computation and confirm my projected release date.
2.      Correct any errors in the computation reflecting the time already served.
3.      Expedite my designation to an appropriate Bureau of Prisons facility or prerelease placement.
4.      Consider immediate transfer to home confinement or Residential Reentry Center placement given the limited remaining time on the sentence.
I have now spent more than eight months in detention awaiting designation. With approximately nine months remaining on the sentence, prompt correction and placement review is necessary to ensure proper administration of the sentence.
Thank you for your attention to this matter.
Respectfully submitted,
Robert H. Rivernider
Reg. No. 96006-004

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 26-CV-22376

ROBERT H. RIVERNIDER,

     Petitioner,

vs.

DIRECTOR, FEDERAL BUREAU
OF PRISONS, et al.,

     Respondent.

_____/

## DECLARATION OF AUBREY WEBB

     I, Aubrey Webb, do hereby declare the following statement is true and correct to the best of my knowledge and belief.

1.     I am employed by the United States Department of Justice, Federal Bureau of Prisons ("BOP"). I am currently assigned as an Attorney-Advisor for the Consolidated Legal Center Miami, which oversees the Federal Detention Center in Miami, Florida ("FDC Miami"). As part of my duties, I have access to inmate records relating to the administrative remedy program, inmates' sentence computations, and the application of the First Step Act to their sentences.

2.     I make this declaration in response to the petition filed by Robert H. Rivernider ("Rivernider"), Federal Register Number 96006-004, who was an inmate at FDC Miami when he filed his initial petition and is currently an inmate at FCI Beckley. The statements I make hereinafter are made based on my review of the official files and records of the BOP, my own personal knowledge, or from information acquired by me through the performance of my official duties. I identified the following documents kept in the ordinary course of business as relevant to the issue, and I have attached true and correct copies of them to this declaration: Administrative Remedy Generalized Retrieval for Rivernider, generated on May 6, 2026, at Attachment 1; and Rivernider's Sentence Computation, generated on May 8, 2026, at Attachment 2.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

3.     The BOP's Administrative Remedy Program is an internal formal three-step grievance procedure by which inmates may complain about various aspects of their confinement. I performed a diligent search for any administrative remedy filings by Rivernider (Attachment 1). Rivernider has not filed an administrative remedy at any of the three levels (Warden, Region, or Central Office) regarding any of the issues raised in his current petition. (*Id.*) Therefore, Rivernider has not exhausted his administrative remedies. Also, Rivernider could have filed an administrative remedy with the Warden of FDC Miami, who has 20 days to respond, as he was

2

time credits, I confirmed with his Unit Team at FCI Beckley that Rivernider is indeed eligible to earn FSA time credits toward prerelease custody, and this is merely an error that corrects itself when his next FSA time credit worksheet is computed in a few months.

11.     Rivernider began earning FSA time credits when he arrived at FCI Beckley, his designated facility, on April 15, 2026. 18 U.S.C. § 3632(d)(4)(B); 28 C.F.R. § 523.42(a).

## RIVERNIDER'S SENTENCE COMPUTATION

12.     The Bureau of Prisons classifies a revocation sentence as a new sentence that is separate and distinct from an inmate's original sentence pursuant to 28 C.F.R. § 2.35(b). All unused credits earned during the original incarceration terminate when an inmate is released from prison to supervision or parole. (*Id.*)

13.   As to his revocation sentence, BOP credited him for 170 days of jail credit from his initial arrest on June 25, 2025, until December 11, 2025. (Attachment 2). His revocation sentence commenced on December 12, 2025, when he was sentenced on the revocation. (*Ibid.*) He is projected to earn 162 days of good time credits, barring any disciplinary issues. And he is projected to be eligible for home detention on September 28, 2027, with a statutorily projected release date of January 14, 2028.

        I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief, pursuant to 28 U.S.C. § 1746. Executed on May 13, 2026.

                                                            *Aubrey Webb*
                                                            Aubrey Webb
                                                            Consolidated Legal Center
                                                            Bureau of Prisons
                                                            Miami, Florida