**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

      Petitioner,

vs.

WARDEN, FEDERAL
DETENTION CENTER,

      Respondent.

_____/

## ORDER

**THIS CAUSE** is before the Court on the *pro se* *"*Reply Memorandum in Support of Renewed Motion to Compel Rule 26 Supplementation, Identification of ESI Sources, Searched, Certification of Discovery Completeness, and Related Relief" (DE 38) with supporting exhibits filed by Petitioner Robert Rivernider ("Petitioner") and docketed by the Clerk of Court as a Motion to Alter or Amend Judgment Pursuant to Fed. R. Civ. P. 59(e)" ("Rule 59 Motion") (DE 38) following entry of my Order (DE 35) denying his amended petition for writ of habeas corpus ("Amended Petition") (DE 6) brought pursuant to 28 U.S.C. § 2241.  For the reasons discussed below, the Rule 59 Motion is **STICKEN AND ALTERNATIVELY DENIED**.

### I.      APPLICABLE LAW

While the Federal Rules of Civil Procedure do not expressly provide for a motion for reconsideration, such a motion can be treated as either a motion to alter or amend a judgment under Rule 59(e) or a motion for relief from a final judgment, order, or proceeding under Rule 60(b). *See Region 8 Forest Serv. Timber Purchasers Council v. Alcock*, 993 F.2d 800, 806 n.5 (11th Cir. 1993). Three grounds justify reconsideration of an earlier order under Rule 59(e): "(1) an

intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice." *Williams v. Cruise Ships Catering & Serv. Intl, N.V.*, 320 F. Supp. 2d 1347, 1357-58 (S.D. Fla. 2004); *see also Bd. of Trs. of Bay Med. Ctr. v. Humana Mil. Healthcare Servs., Inc.,* 447 F.3d 1370, 1377 (11th Cir. 2006) (citation omitted). Rule 60(b) allows for reconsideration upon grounds including mistake, newly discovered evidence, and fraud, and it contains a "catch-all" provision allowing reconsideration for "any other reason that justifies relief." Fed. R. Civ P. 60(b). However, a motion for reconsideration is an "extraordinary remedy, to be employed sparingly." *Williams*, 320 F. Supp. 2d at 1358 (internal quotation marks omitted); *see also Booker v. Singletary*, 90 F.3d 440, 442 (11th Cir. 1996). And such a motion "cannot be used to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Richardson v. Johnson*, 598 F.3d 734, 740 (11th Cir. 2010) (internal quotation marks omitted); *see also Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).

## II.      DISCUSSION

First, the Rule 59 Motion IS stricken because it appears to have been incorrectly docketed in this case, as it is a pleading signed by Clery Anthony Sylvestre and related to and/or otherwise filed in *Sylvestre v. Motor Services Hugo Stamp, Inc., et al.*, No. 0:25-cv-61046-EFD (S.D. Fla. 2026). Thus, it is far from clear what, if any, relation that case and the contents of the Rule 59 Motion (DE 38) has to Petitioner's § 2241 proceeding. It is worth noting, however, that the exhibits attached to the Rule 59 Motion (DE 38-1) are documents relevant to the Petitioner Robert Rivernider. Thus, I have reviewed the attachments only and have disregarded the substance of the incorrectly filed Rule 59 Motion. In this regard, I find that Petitioner is not entitled to reconsideration based on the exhibits provided. When the exhibits are construed as a Rule 59

Motion, it "cannot be used simply as a tool to reopen litigation" or to relitigate matters already decided. *Stansell v. Rev. Armed Forces of Colombia*, 771 F.3d 713, 744 (11th Cir. 2014); *Mincey v. State*, 206 F.3d 1106, 1137 n.69 (11th Cir. 200) ("The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory . . . [or] to give the moving party another 'bite at the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment."). Although Petitioner requests reconsideration apparently claiming I made a clear error in denying and/or otherwise dismissing the Amended Petition, he offers no legal authority that I erred in my determination. Accordingly, upon review of the Rule 59 Motion (DE 38), the supporting exhibits (DE 38-1), pertinent portions of the record, and relevant authorities, it is

**ORDERED AND ADJUDGED** that:

1. Petitioner's Rule 59 Motion (DE 38) is **STRICKEN** as improperly filed and the exhibits (DE 38-1), when construed as a Rule 59 Motion, is **DENIED**.

2. All pending motions not otherwise ruled upon are **DENIED as moot**.

3. No Certificate of Appealability shall issue. *See* 28 U.S.C. § 2253(c)(1); *see also Perez v. Sec'y, Fla. Dep't of Corr.*, 711 F.3d 1263, 1264 (11th Cir. 2013) (citations omitted) (concluding that denial of Fed. R. Civ. P. 59 motion constitutes a "final order" under § 2253(c)(1) and, therefore, requires a Certificate of Appealability).

4. The Clerk of Court shall send a copy of this Order to the addressees listed below and note the docket that this has been accomplished as ordered. The Clerk of Court shall also ensure that this case remains **CLOSED**.

**SIGNED** in Chambers at West Palm Beach, Florida this 16th day of July, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Robert Rivernider,** *Pro Se*
Reg. No. 96006-004
Federal Correctional Institution-Beckley
Inmate Mail/Parcels
P.O. Box 350
Beaver, WV  25813

**Clery Anthony Sylvestre,** *Pro Se*
109 Riviera Circle
Weston, FL  33326
Email:  csylvestre614@outlook.com

**Alicia E. Shick, AUSA**
U.S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL  33394
Email:  Alicia.Shick@usdoj.gov