**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. 26-22376-CV-MIDDLEBROOKS

ROBERT RIVERNIDER,

      Petitioner,

vs.

WARDEN, FEDERAL
DETENTION CENTER,

      Respondent.

_____/

## **ORDER**

**THIS CAUSE** is before the Court on the *pro se* "Consolidated Motion to Correct and Supplement the Record, Preserve Record Materials, and Certify and Transmit A Supplemental Record Pursuant to Federal Rule of Appellate Procedure 10(e)" ("Motion"). (DE 47). In the Motion, Petitioner seeks "to settle differences concerning what occurred in this Court, correct material omissions or misstatements caused by error or accident . . . and transmit a supplemental record" to the appellate court. (*Id.* at 1). Petitioner maintains he did not "author, sign, authorize, or knowingly submit the motion to alter or amend judgment and the exhibits attached thereto were part of the memorandum he claims to have filed in response to the lack of exhaustion defense. (*Id.* at 3). Review of the record reveals that Petitioner did, in fact, file multiple replies (DE 27; DE 29; DE 30; DE 31) following Respondent's response (DE 26) to the Petition in which a lack of exhaustion defense was asserted. Petitioner has not provided the Court with a copy of the purported memorandum he claims was intended to be filed with the exhibits. Further, I previously construed those exhibits as a motion for reconsideration which I denied on July 16, 2026. (DE 42). For the reasons discussed below, the Motion is **DENIED**.

## I.        APPLICABLE LAW

Federal Rule of Appellate Procedure 10(e) provides that "[i]f anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified" by the parties, the district court, or the appellate court.  *See United States v. Dawson*, 588 F. App'x 890, 892 (11th Cir. 2014) (citing Rule 10(e)).  "The Rule 'does not empower a district court to modify parties' stipulations or make new findings of fact after docketing of the appeal in the court of appeals." *Dawson*, 588 F. App'x at 892 (quoting *United States v. Smith*, 493 F.2d 906, 907 (5th Cir. 1974)).[1]  Rule 10(e) does not permit a district court to add to the record as a means to present matter that was not relevant or not addressed in the course of proceedings.  *Smith*, 493 F.2d at 907.  Thus, Rule 10(e) should not be used as a mechanism to allow the introduction of new evidence to the record for appellate review. *Id.*  Moreover, the Eleventh Circuit has made clear that the "appellate court may examine only the evidence which was before the district court. . .." *Chapman v. AI Transport*, 229 F.3d 1012, 1026 (11th Cir. 2000) (quoting *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 n.3 (11th Cir. 1992)).

## II.        DISCUSSION

Petitioner maintains that I should ascertain the location of a purported memorandum he claims to have submitted for filing along with the exhibits previously attached to a motion filed by another inmate and docketed by the Clerk of Court on July 6, 2026 (DE 38).  Petitioner has not demonstrated that the memorandum with supporting exhibits were submitted prior to my Order denying his Petition.  Petitioner has also not attached to the Motion a copy of the Memorandum

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions issued by the former Fifth Circuit before October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

with which he wishes to supplement the record.  The Court need not supplement the record with facts and arguments not previously provided by Petitioner.  Further, even if Plaintiff were able to identify the contents of the memorandum, the Motion still fails because this document was not before me when I entered the dispositive order denying the Petition.  Plaintiff cannot demonstrate that the record on appeal fails to disclose what occurred before me nor that the record to be transmitted to the appellate court omits or misstates evidence before the Court when I denied the Petition.  Thus, Petitioner's vague assertion that supplementing the record will permit him to have an adequate and meaningful appeal fails.  Because I am permitted to forward to the Court of Appeals only the "papers and exhibits filed in the district court," Fed. R. App. P. 10(a), during the course of proceedings leading to the Order denying the Petition, I may not add to the appellate court record any filings occurring after my Order of June 26, 2026.  Accordingly, upon review of the Motion (DE 47), pertinent portions of the record, and relevant authorities, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion (DE 47) is **DENIED**.

**SIGNED** in Chambers at West Palm Beach, Florida this 5th day of August, 2026.

Donald M. Middlebrooks
United States District Judge

**Copies furnished to:**

**Robert Rivernider,** *Pro Se*
Reg. No. 96006-004
Federal Correctional Institution-Beckley
Inmate Mail/Parcels
P.O. Box 350
Beaver, WV  25813

**Alicia E. Shick, AUSA**
U.S. Attorney's Office
500 E. Broward Blvd., 7th Floor
Fort Lauderdale, FL  33394
Email:  Alicia.Shick@usdoj.gov